## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Donald P. Vogel,

    Plaintiff,

    v.

Thomas Roy, et al,

    Defendant.

CIVIL FILE NO. 17-cv-3459
(WMW/LIB)

Statement of the Case

_____

### a. Facts of the Case

1. Plaintiff DONALD P. VOGEL was arrested on charges of Driving While Impaired (DWI) on May, 15, 2005 and pleaded guilty to a term of incarceration of forty-six (46) months on October 11, 2006.

2. The sentencing court imposed a sentence of forty-six (46) months of incarceration, including 31 months of incarceration in the Minnesota Department of Corrections (MnDOC) reduced by 449 days (15 months prox.) for county jail time and 15 months of supervised release, reduced by one-half of county jail time or 224 days (7.5 months prox).

3. The sentencing court did NOT impose a term of "conditional release" to follow the sentence of incarceration and supervised release. (See, Minn. Stat. § 169A276, sub 1(d) (2002):

> It's the sentence of the law and the judgment of the Court that as punishment you should be committed to the Commissioner of Corrections of this State for a period of 46 months, which will consist of a minimum term of

imprisonment of 31 months, less credit for your precommitment time served, plus a maximum supervised release of 15 months, less credit for one half of the precommitment time served....You are to be credited for 449 days served prior to this commitment.

I wish to advise you that your term of imprisonment could be extended by the Commissioner could be extended by the Commissioner if you commit any disciplinary offenses in prison and that extension could result in your serving the entire 46 months, less your credit for precommitment time served. (Complaint Ex. B, Sentencing Transcript p. 7)

4. Mr. VOGEL's actual release occurred on February 7, 2008 and his judicially imposed sentence expired on August 11, 2009, according to MnDOC records. The expiration date of a sentence ends Defendants' jurisdiction over Plaintiff. *State v. Purdy*, 589 N.W.2d 496 (Minn. Ct. App. 1999); *Martinek v. State*, 678 N.W.2d 714 (Minn. Ct. App. 2004.)

5. Claiming authority pursuant to Minn. Stat. § 169A276, sub 1(d) (2002), Defendants administratively imposed an additional 5-year term of "conditional release" beyond Mr. VOGEL's judicially imposed sentence, despite the plea agreement terms.

6. Mr. VOGEL was repeatedly incarcerated by Defendants after August 11, 2009 (when his sentence for the DWI conviction expired) pursuant to violations of administratively imposed conditional release under Minn. Stat. § 169A276, sub 1(d) (2002) in contravention of the sentence judicially ordered by the sentencing court.

7. In addition, on June 20, 2011, the Minnesota Court of Appeals decided *Newcomb v. Roy*, (No. A10-2075), 2011 WL 2437489 (Minn.App.2011) which held administrative imposition of "conditional release" by the Minnesota Department of Corrections under Minn. Stat. § 169A276, sub 1(d) (2002) unconstitutional. (i.e. "...the power to supervise an offender does not include the power to impose a sentence."

8. Defendants did not release Mr. VOGEL on June 20, 2011, and continued to incarcerate him

until March 16, 2012, nearly nine (9) months after administratively imposed  conditional release had been declared unconstitutional in *Newcomb v. Roy* and nearly thirty-one (31) months after his judicially imposed DWI sentence had expired on August 11, 2009.

9.  On or about August 1, 2015 Mr. VOGEL inquired why he had been released on March 16, 2012,  and a letter response dated August 19, 2015 stated that the "conditional release" period did not apply because:

> "in 2011 the law changed when the Court of Appeals decided a new case called *Newcomb v. Roy*. The Court of Appeals said that his statute that applied conditional release violated the Constitution.  In other words, the Court said that the statute couldn't impose the conditional release: only a judge could do that. (See Compl. Exhibit E, ).

10. Defendant Roy, the named party in *Newcomb v. Roy*, and others he supervises, were on notice Mr. VOGEL was falsely imprisoned not later than June 20, 2011 when the *Newcomb* case was decided, if not August 11, 2009 when his sentence expired, as was reflected in his DOC "base file," the only question is the point at which liability attaches for Defendants' deliberate indifference to the certain knowledge that Mr. VOGEL was unlawfully incarcerated before his release on March 16, 2012.

11.  Upon information and belief, despite the clear and unambiguous ruling of the Minnesota Court of Appeals in *Newcomb v. Roy*, defendants Tom Roy and the State of Minnesota, continued to engage in the unlawful policy, custom or practice of subjecting persons to administratively imposed terms of conditional release after the expiration of their judicially imposed sentences and continued to unlawfully imprison individuals for violating terms of their administratively imposed conditional release after the expiration of their judicially imposed sentence though they knew or should have known that there

3

was no court imposed term of conditional release.

12. Plaintiff's detention under the DOC interpretation of Minn. Stat. § 169A276, sub 1(d) (2002) "was declared invalid by a state tribunal authorized to make such a determination..." to which the DOC letter of August 19, 2015 admits, sufficient to meet the favorable termination requirement of *Heck v. Humphrey,* 512 U.S. at 486-87.[1]

13. Unlike *Scott v. Baldwin*, 720 F.3d 1034, 1036 (8th Cir 2013) calculation of "good time" was not necessary and there was no basis for continued detention because the holding in *Newcomb*, itself, (if not the earlier expiration of sentence on August 11, 2009) provided notice that MnDOC lacked authority to impose even *one* day of incarceration based on a "conditional release."

14. The policies and procedures authorized by Defendant Roy and implemented by named and unnamed Defendants were deliberately indifferent to the liberty interests and due process rights of Plaintiff VOGEL to be free from detention, once his term of incarceration had expired on August 11, 2009.

15. The Eighth Circuit has recognized a protected liberty interest in being free from wrongful, prolonged incarceration in *Young v. City of Little Rock,* 249 F.3d 730 (8th Cir. 2001) and *Davis v. Hall*, 375 F.3d 703 (8th Cir. 2004). Similarly, in *Slone v. Herman,* 983 F.2d 107 ( 8th Cir. 1993), an inmate had a clearly established right to be released from prison because at that point, "the state lost its lawful authority to hold [plaintiff]."

16. As in *Davis v. Hall*, 375 F.3d 703 (8th Cir. 2004), the Defendants were under Court order to

---

[1] See *Steadman v. Roy*, No. 14-3442 (MJS/JSM) (D. Minn. 2015). The *Steadman* plaintiff was similarly over-incarcerated by MnDOC imposition of "conditional release" in the absence of a judicial sentence. (Report and Recommendation, MJ Mayeron, March 23, 2015).

release Mr. VOGEL at the completion of his sentence, according to the Sentencing Order, and not to impose the statutory conditional release as was specified in the plea agreement entered on October 11, 2006. He was finally released on March 16, 2012.

### b. Particularized Facts

17. The judicially imposed sentence, pursuant to under Minn. Stat. § 169A276, sub 1(d) (2002) did not provide for a 5-year period of "conditional release" following completion as announced by the sentencing Court.

18. Plaintiff's judicially imposed sentence, including supervised release, expired on August 11, 2009.

19. Defendants administratively imposed a 5-year term of "conditional release" after the expiration of Plaintiff's judicially imposed sentence and re-incarcerated him repeatedly after August 11, 2009, up to an including March 16, 2012.

20. On August 19 2015, Defendants admitted by letter to Plaintiff, that administratively applied "conditional release," had been found unconstitutional by the Minnesota courts in *Newcomb v. Roy* on June 20, 2011, whether a defendant's sentence had been terminated or not.

21. The plea agreement and statement of the sentence in the trial record did not provide for "conditional release" following completion of the sentence as described by the sentencing Court.

22. The "base file" of Plaintiff establishes all relevant dates for the expiration of Plaintiff's sentence on August 11, 2009 and that date establishing the loss of jurisdiction over Plaintiff is a matter of law.

23. The sentencing Court specifically declined to retroactively add "conditional release" to the

Plaintiff's sentence upon inquiry by Defendants after *Newcomb v. Roy* was decided on June 20, 2011.

24. At all times Defendants Roy and other named and unnamed Defendants were in possession and control of Plaintiff's "base file" which recorded all relevant information regarding Plaintiff's charges, court proceedings, sentencing and other information bearing on his incarceration status over which they had complete control.

25. At all times Defendant Roy and other named and unnamed Defendants were under an affirmative obligation to properly record and execute sentences imposed by the courts, particularly with respect to the jurisdiction of the State to impose imprisonment or loss of liberty based on the exercise of administrative authority only.

26. With respect to the loss of jurisdiction over the Plaintiff on August 11, 2009, Defendants were under an absolute obligation to release the Plaintiff from custody.  *State v. Purdy*, 589 N.W.2d 496 (Minn. Ct. App. 1999); *Martinek v. State*, 678 N.W.2d 714 (Minn. Ct. App. 2004.)

27. With respect to the *Newcomb v. Roy* decision on June 20, 2011, Defendants were under an absolute obligation to release the Plaintiff in the absence of a court order imposing a term of conditional release applied retrospectively to August 11, 2009.

### c. Itemization and explanation of damages

28. Plaintiff experienced a loss of liberty and violation of his right to due process as of August 11, 2009 and not later than June 20, 2011, to March 16, 2012.

29. Plaintiff experienced emotional distress for false imprisonment of August 11, 2009 and not later than June 20, 2011 to March 16, 2012.

30. During his unlawful imprisonment Plaintiff's mother was ill and passed away. Plaintiff experienced emotional distress from being able to attend to her needs while she was still alive and to attend her funeral.

31. Plaintiff lost income as of August 11, 2009 and not later than June 20, 2011 to March 16, 2012, by being prevented from pursuing gainful employment and to receive other lawful sources of income.

32. Defendants are subject to punitive damages for reckless disregard of Plaintiffs constitutionally protected and common law rights under federal and state law.

RESPECTFULLY SUBMITTED:

   Dated:   November 15, 2017

DUGGINS LAW OFFICE                    LAW OFFICE OF C. PETER ERLINDER

/s/ Terry Duggins (electronically signed)   /s/C. Peter Erlinder (electronically signed)
_____              _____
Terry Duggins #0316180                C. Peter Erlinder, MN Att'y #0398765
Co-Counsel for Plaintiffs             Co-Counsel for Plaintiffs
6 Pine Tree Drive, Suite 280          1043 Grand Ave. W., Suite 228
Arden Hills, MN 55112                 St. Paul, MN 55105
651.490.0222                          651.271.4616
*terry@dugginslawfirm.com*            *proferlinder@gmail.com*