UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Donald P. Vogel, | Court File No. 17-CV-03459 (WMW/LIB) |
| Plaintiff, | |
| vs. | |
| Thomas Roy, Minnesota Dept. of Corrections, Commissioner of Corrections, Individually and in his official capacity, et al., | **DEFENDANTS ROY AND COURTNEY'S STATEMENT OF THE CASE** |
| Defendants. | |

Pursuant to the Court's Pretrial Conference Notice and Order, Defendants Thomas Roy and Patrick Courtney ("DOC Defendants"), for their Statement of the Case, state and allege as follows:

**A.     DOC Defendants' version of the facts of the case.**

Minnesota Statutes Section 169A.276 mandates that felony driving-while-impaired (DWI) offenders serve a five-year conditional release term after they are released from prison. The statute further states "[t]he failure of a court to direct the commissioner of corrections to place the person on conditional release, as required in this paragraph, does not affect the applicability of the conditional release provisions to the person." Minn. Stat. § 169A.276, subd. 1(d) (2016).

Plaintiff Donald P. Vogel pled guilty to a felony DWI, which included a 46-month sentence. The sentencing judge did not include a five-year conditional release term in the Sentencing Order and Warrant of Commitment, and the court later acknowledged that its failure to include the five-year conditional-release term was inadvertent. Pursuant to Minn. Stat. § 169A.276, the Department of Corrections (DOC) added the five-year conditional release term to Vogel's sentence.

Vogel was admitted to the DOC to begin serving his sentence on October 12, 2006. On May 18, 2009, Vogel completed his executed sentence and was scheduled to continue on conditional release until February 7, 2013. Over the next several years, Vogel had his release revoked, and was returned to prison, multiple times for violating his release conditions.

On June 20, 2011, while Vogel was re-imprisoned for release violations, the Minnesota Court of Appeals filed an unpublished opinion in the case *Newcomb v. Roy*, 2011 WL 2437489 (Minn. Ct. App. June 20, 2011), in which the court held that, because "the power…to fix the punishment for [criminal] conduct is vested in the legislature," the DOC, an administrative body, lacked the authority to impose a sentence. *Id*. at *4. The court held, Minn. Stat. § 169A.276 notwithstanding, that the DOC was not authorized to add a conditional-release term to an inmate's sentence if it had not been ordered by a court. *Id.*

Prior to the *Newcomb* decision, and due to the nature in which the DOC anticipated the *Newcomb* decision could change the law, the DOC began an audit process to locate felony DWI offenders for whom the DOC had applied a conditional-release term pursuant to Minn. Stat. § 169A.276.  The DOC continued this audit process after the *Newcomb* decision was filed.  The DOC produced a list of approximately 1,800 inmate sentences to audit.  The DOC made a good-faith effort to locate those offenders to whom the *Newcomb* decision applied, and to amend their sentences accordingly to comply with *Newcomb*.

Over the course of the DOC's audit process, the DOC identified Vogel's case.  On February 8, 2012, the DOC wrote to the judge who sentenced Vogel, asking whether the judge had intended to impose a conditional-release term as part of Vogel's sentence.  On February 27, 2012, the judge's law clerk replied, indicating that the judge had inadvertently failed to order the conditional release and would not amend the Sentencing Order or Warrant of Commitment at that time.  The DOC contacted the county attorney, who indicated that the county would not pursue the matter further, so the DOC released Vogel from prison on March 1, 2012.

**B**.   **A listing of particularized facts which support the claimed liability or defenses, including any applicable statutes as identified by number.**

An official capacity claim against a state employee is a claim against the state. Congress has not abrogated the state's sovereign immunity and the state has not consented to suit; therefore, the Eleventh Amendment and sovereign immunity prohibit

Vogel's claims for damages against Defendants Roy and Courtney in their official capacities and those claims should be dismissed.

Vogel has not challenged his sentence or the duration of his sentence in a petition for habeas corpus or similar state proceeding, and neither his sentence, nor the duration of his sentence, has been invalidated by a tribunal authorized to make such a determination. As such, Vogel does not have a cause of action based on Section 1983. *Heck v. Humphrey*, 512 U.S. 477 (1994); *see also Wilkinson v. Dotson,* 544 U.S. 74 (2005) (noting that the *Heck* requirements extend to the duration of a sentence, as well as the sentence itself.)

Defendants Roy and Courtney lacked sufficient personal involvement in this matter and, therefore, Vogel's Section 1983 claims against them should be dismissed.

Defendants Roy and Courtney are entitled to qualified immunity because they did not violate Vogel's clearly established statutory or constitutional rights. Vogel's claims against Defendants Courtney and Roy in their personal capacities should therefore be dismissed.

Defendants Roy and Courtney were not deliberately indifferent to Vogel's rights.

The Prison Litigation Reform Act prohibits an inmate from bringing a Federal civil action for mental or emotional injury suffered while in custody without a prior showing of a physical injury, pursuant to 42 U.S.C. § 1997e(e). Any such claims by Vogel should therefore be dismissed.

Vogel failed to mitigate his damages by failing, either on his own or through a representative, to notify DOC staff of his allegations that he was over-incarcerated during the period of time that he alleges to have been over-incarcerated.

Minnesota has a two-year statute of limitations for the state tort claim of false imprisonment. Vogel failed to initiate an action within two years of the alleged false imprisonment and, therefore, Vogel's state claims for false imprisonment should be dismissed.

**C.     An itemization and explanation of any claimed damages.**

The DOC Defendants are not claiming any damages in this matter.

Dated: November 15, 2017

OFFICE OF THE ATTORNEY GENERAL
State of Minnesota

s/ Bradley D. Simon
BRADLEY D. SIMON
Assistant Attorney General
Atty. Reg. No. 0390363

445 Minnesota Street, Suite 900
St. Paul, Minnesota 55101-2128
(651) 757-1354 (Voice)
(651) 297-4139 (Fax)
bradley.simon@ag.state.mn.us

ATTORNEY FOR DEFENDANTS ROY AND COURTNEY