## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

Donald P. Vogel,                                    Court File No. 17-CV-3459 (WMW/LIB)

                    Plaintiff,

vs.

                                                    **JOINT RULE 26(f) REPORT**

Thomas Roy, et al,

                    Defendants.


        The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules, on November 1, 2017, and prepared the following report.

        The initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 is scheduled for November 17, 2017, before the United States Magistrate Judge Brisbois in Courtroom No. 2 of the U.S. Courthouse in Fergus Falls, Minnesota.  The parties <u>request</u> that the pretrial be held by telephone.

(a)     Description of the Case.

        (1)     Concise factual summary of plaintiff's claims:

        Plaintiff pled guilty to Driving While Impaired (DWI) and received a sentence of forty-six (46) months entered on October 11, 2006, without judicially imposed "conditional release."  He was released from incarceration on February 7, 2008. Jurisdiction over his sentence (including supervised release) expired on August 9, 2009. *Martinek v. State* 678 N.W. 2d 714 (Minn. Ct. App. 2004).  (The state lacked authority to further incarcerate Plaintiff pursuant to the original DWI conviction.)

        Defendants administratively imposed an additional 5-year term of "conditional release" that extended beyond the expiration of Defendants' judicially imposed DWI sentence.  Defendants repeatedly incarcerated Plaintiff for alleged violations of administratively imposed "conditional release"  after jurisdiction over Plaintiff had expired. On June 20, 2011 in *Newcomb v. Roy* (No A10-2015), the Minnesota Court of Appeals held the imposition of "conditional release" without a judicial

sentence violated the separation of powers. Minn. Stat. §169A276, sub. 1(d) (2002).

Plaintiff was released from incarceration when Defendants admitted violation of administratively-imposed "conditional release" terms on March 16, 2012. On August 19, 2015, Defendants conceded in written communication they were aware his continuing incarceration had been unlawful since at least the *Newcomb* decision, if not before.

Defendants were deliberately indifferent to Plaintiff's right to be free from unlawful incarceration, cruel and unusual punishment, and false imprisonment, imposed administratively beyond the date Plaintiff's judicially imposed sentence which expired on August 9, 2009. Plaintiff seeks damages for nearly three years of over-incarceration arising from Defendants' deliberate indifference Plaintiff's his lawful incarceration status.

(2)    Concise factual summary of defendant's claims/defenses:

An official capacity claim against a state employee is a claim against the state. Congress has not abrogated the state's sovereign immunity and the state has not consented to suit in this matter; therefore, the Eleventh Amendment and sovereign immunity prohibit Plaintiff Donald P. Vogel's claims for damages against Defendants Roy and Courtney (the DOC Defendants) in their official capacities and those claims should be dismissed.

Neither Vogel's conviction, nor his sentence, has been invalidated by a tribunal authorized to make such a determination and, as such, Vogel does not have a cause of action based on Section 1983 pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).

The DOC Defendants lacked sufficient personal involvement in this matter and, therefore, Vogel's Section 1983 claims against them should be dismissed.

The DOC Defendants are entitled to qualified immunity because they did not violate Vogel's clearly established statutory or constitutional rights.  Vogel's claims against the DOC Defendants in their personal capacities should therefore be dismissed.

The DOC Defendants conducted a good-faith audit of inmate sentences following the court of appeals' decision in *Newcomb v. Roy*, 2011 WL 2437489 (Minn. Ct. App. June 20, 2011), to identify those inmates whose sentences may be affected by the *Newcomb* decision.  Vogel's sentence was identified during said audit, and

the DOC ultimately released Vogel.  The DOC Defendants were not deliberately indifferent to Vogel's rights.

The Prison Litigation Reform Act prohibits an inmate from bringing a Federal civil action for mental or emotional injury suffered while in custody without a prior showing of a physical injury, pursuant to 42 U.S.C. § 1997e(e).  Vogel has not alleged any physical injury he suffered while in custody, and any such claims by Vogel should therefore be dismissed.

Vogel failed to mitigate his damages by failing, either on his own or through a representative, to notify DOC staff of his allegations that he was over-incarcerated during the period of time that he alleges to have been over-incarcerated.

Minnesota has a two-year statute of limitations for the state tort claim of false imprisonment.  Vogel failed to initiate an action within two years of the alleged false imprisonment and, therefore, Vogel's state claims for false imprisonment should be dismissed.

(3)     Statement of jurisdiction (including statutory citations):

Plaintiff states that the Court has subject matter jurisdiction pursuant to 28 U.S.C §§ 1331 (federal question); 1343 (civil rights) and 1367 (supplemental) for violations of 42 U.S.C. § 1983, 42 U.S.C. § 1988, the Eighth and Fourteenth Amendments and related state law claims.

The DOC Defendants state that the Court should not exercise supplemental jurisdiction for Plaintiff's state law claims.

(4)     Summary of factual stipulations or agreements:

None at this point.

(5)     Statement of whether a jury trial has been timely demanded by any party:

A jury trial has been requested by Plaintiff.

(6)     Statement as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable:

The parties have not agreed to resolve the matter under the Rules of Procedure for Expedited Trials, but have agreed to the discovery and pleadings limits described herein.

3

(b)     Pleadings.

Statement as to whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action:

Plaintiff states that process has been served on all Defendants now known to Plaintiff.  Plaintiff also states that those specifically responsible for Plaintiff's "base file" and for entering information into that file, pursuant to policies and procedures established by named Defendants are UNKNOWN, and related amendments to pleadings are likely.

The DOC Defendants state that Defendants Roy and Courtney were served with process.  The DOC Defendants do not anticipate amending their pleadings or adding additional parties at this time.

(c)     Fact Discovery.

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

(1)     The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before <u>November 15, 2017</u>.

(2)     The parties must complete any physical or mental examinations under Fed. R. Civ. P. 35 by <u>None/Not applicable</u>.

(3)     The parties must commence fact discovery procedures in time to be completed by <u>June 13, 2018</u>.

(4)     The parties propose that the Court limit the use and numbers of discovery procedures as follows:

(A)     <u>25</u> interrogatories;

(B)     <u>10</u> document requests;

(C)     <u>8</u> factual depositions;

(D)     <u>10</u> requests for admissions;

(E)     <u>0</u> Rule 35 medical examinations;  and

(F)     _____ other.

(d)     Expert Discovery.

    (1)     The parties anticipate that they <u>will</u> require expert witnesses at the time of trial.

        (A)     The plaintiff anticipates calling ___2___ (number) experts in the fields of: _____economic injury_____.

        (B)     The defendant anticipates calling ___2___ (number) experts in the fields of: _____in rebuttal to Plaintiff's experts____,

    (2)     The parties propose that the Court establish the following plan for expert discovery:

        (A)     Initial experts.

            (i)     The identity of any expert who may testify at trial regarding issues on which the party has the burden of persuasion must be disclosed on or before <u>May 15, 2018</u>.

            (ii)     The initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B)  must be served on or before <u>May 30, 2018.</u>

        (B)     Rebuttal experts.
            (i)     The identity of any experts who may testify in rebuttal to any initial expert must be disclosed on or before <u>June 1, 2018</u>.

            (ii)     Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before <u>June 15, 2018</u>.

    (3)     All expert discovery must be completed by <u>September 1, 2018</u>.

(e)     Other Discovery Issues.

    (1)     Protective Order. The parties have discussed whether they believe that a protective order is necessary to govern discovery and <u>do not anticipate requiring a protective order at this time</u>.

        (The parties are encouraged, though not required, to use Form 6 as a template for a proposed protective order.)

(2) Discovery of Electronically Stored Information. The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form in which it should be produced. The parties have reached the following agreements and identified the following issues:

The parties do not anticipate any issues regarding electronically stored information at this time.

(3) Claims of Privilege or Protection. The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D), including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evidence 502. The parties request the Court to include the following agreement in the scheduling order:

The parties have no issues regarding privilege or protection at this time; the parties agree to raise objections as they arise.

(4) The parties:

Agree that a party should be required to request an informal conference with the Court before filing a discovery motion.

(f) Proposed Motion Schedule.

The parties propose the following deadlines for filing motions:
(1) Motions seeking to join other parties must be filed and served by July 2, 2018.

(2) Motions seeking to amend the pleadings must be filed and served by July 2, 2018.

(3) All other non-dispositive motions must be filed and served by July 13, 2018.

(4) All dispositive motions must be filed and served by August 13, 2018.

(g)     Trial-Ready Date.

    (1)     The parties agree that the case will be ready for trial on or after <u>December 13, 2018</u>.

    (2)     The parties propose that the final pretrial conference be held on or before <u>December 3, 2018</u>.

(h)     Insurance Carriers/Indemnitors.

List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured.

The state is self-insured.

(i)     Settlement.

    (1)     The parties have met and conferred and discussed settlement in good faith pursuant to the Court's Pretrial Conference Notice and Order.   They discussed the claims and defenses, and agree that settlement discussions would be premature at this time.

    (2)     The parties propose that a settlement conference be scheduled to take place after the Court rules on the parties' summary judgment motions.

    (3)     The parties have discussed whether alternative dispute resolution will be helpful to the resolution of this case and recommend the following:  The parties believe that scheduling alternative dispute resolution would be premature at this time.

(j)     Trial by Magistrate Judge.

The parties <u>have not</u> agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c). (If the parties agree to consent, file the consent with the Rule 26(f) Report.)

Plaintiff's Counsel

DATE:  November 15, 2017

s/ C. Peter Erlinder_____
C. Peter Erlinder, #0398765
1043 Grand Ave., Suite 228
St. Paul, MN 55105
(651) 271-4616
proferlinder@gmail.com

Plaintiff's Counsel

DATE:  November 15, 2017

s/ Terry Duggins_____
Terry Duggins, #0316180
6 Pine Tree Drive, Suite 280
Arden Hills, MN 55112
651.490.0222
terry@dugginslawfirm.com

Defendants Roy and Courtney's Counsel

DATE:  November 15, 2017

s/ Bradley D. Simon_____
OFFICE OF THE ATTORNEY GENERAL
State of Minnesota

BRADLEY D. SIMON
Assistant Attorney General
Atty. Reg. No. 0390363
445 Minnesota Street, Suite 900
St. Paul, Minnesota 55101-2128
(651) 757-1354 (Voice)
(651) 297-4139 (Fax)
bradley.simon@ag.state.mn.us