UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| Donald P. Vogel, | Case No. 17-cv-3459 (WMW/LIB) |
|---|---|
| Plaintiff, | **ORDER GRANTING SUMMARY JUDGMENT** |
| v. | |
| Thomas Roy et al., | |
| Defendants. | |

---

In this civil rights action, Defendants Thomas Roy, Commissioner of the Minnesota Department of Corrections, and Patrick Courtney, Minnesota Department of Corrections Program Manager of Records and Sentence Administration, move for summary judgment. (Dkt. 16.) For the reasons addressed below, Defendants' motion is granted.

## BACKGROUND

Plaintiff Donald P. Vogel commenced this civil rights action under 42 U.S.C. § 1983 on July 31, 2017, more than 10 years after pleading guilty to first-degree driving while impaired (DWI), a violation of Minn. Stat. §§ 169A.20, subd. 1, 169A.24. Vogel alleges that he was unlawfully incarcerated for purported violations of conditional release terms that were not imposed as part of his 2006 sentence.

When imposing a custodial sentence for a first-degree DWI offense, a Minnesota District Court must also direct the commissioner of corrections to "place the person on conditional release for five years" following the period of incarceration. Minn. Stat. § 169A.276, subd. 1(d). However, the District Court's "failure . . . to direct the

commissioner of corrections to place the person on conditional release, as required in [Section 169A.276, subd. 1(d)], does not affect the applicability of the conditional release provisions to the person." *Id.* Until 2011, the Minnesota Department of Corrections (DOC) interpreted Section 169A.276, subd. 1(d), as a requirement to place a first-degree DWI offender on conditional release for five years even when the sentencing court did not impose a conditional release term in its judgment and warrant of commitment.

In 2011, the Minnesota Court of Appeals held that, unless the sentencing court expressly includes conditional release as part of the offender's sentence, the imposition of conditional release is not authorized under Section 169A.276, subd. 1(d). *Newcomb v. Roy*, No. A10-2075, 2011 WL 2437489 (Minn. Ct. App. June 20, 2011). After the *Newcomb* decision, the DOC commenced an audit of sentences imposed for first-degree DWI to determine whether any offender had been placed on conditional release without an express pronouncement of conditional release as a part of the sentence imposed. When the DOC audited Vogel's sentence, he was incarcerated for violating his conditional release although it had not been imposed as a part of his sentence. The DOC released Vogel from prison on March 1, 2012.

Count I of Vogel's complaint alleges that his imprisonment for the nine months following the *Newcomb* decision violated the Fourteenth Amendment to the United States Constitution. Count II alleges that Defendants violated the Eighth and Fourteenth Amendments to the United States Constitution by acting with deliberate indifference when they imposed a term of conditional release after the expiration of Vogel's "judicially

2

imposed sentence." And Count III alleges a Minnesota tort claim of false imprisonment. Defendants Roy and Courtney seek summary judgment on multiple grounds.

## ANALYSIS

Summary judgment is properly granted when the evidence, as viewed in the light most favorable to the nonmoving party, establishes that there is "no genuine dispute as to any material fact" and the moving party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Windstream Corp. v. Da Gragnano*, 757 F.3d 798, 802-03 (8th Cir. 2014). Vogel concedes that there are no disputed material facts, and he agrees with Defendants' legal analysis. As such, Vogel concedes that Defendants are entitled to judgment as a matter of law. Two grounds for summary judgment that Defendants advance are dispositive, and the Court addresses each in turn.

First, Defendants argue that Vogel's Section 1983 claims, Counts I and II, are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). A plaintiff cannot successfully challenge under Section 1983 the validity of a conviction or the length of imprisonment unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. Defendants argue that, because Counts I and II of Vogel's complaint challenge the validity and length of his imprisonment, and his sentence has not been reversed, expunged, or declared invalid by an authorized state tribunal, *Heck*'s "favorable-termination rule" has not been satisfied.

Vogel concedes that Counts I and II of his complaint challenge the validity and length of his imprisonment during the conditional-release phase of his sentence. He also concedes that *Newcomb* did not invalidate his sentence because, as an unpublished decision of the Minnesota Court of Appeals, *Newcomb* lacks precedential value. *See* Minn. Stat. § 480A.08, subd. 3(c). This Court agrees. Because Vogel's sentence has not been reversed, expunged, or declared invalid by a state tribunal authorized to make such determination, Vogel's federal claims, Counts I and II, are barred. *See Heck*, 512 U.S. at 486-87.

Count III, Vogel's Minnesota false-imprisonment claim, is barred by the two-year statute of limitations for such claims. *See* Minn. Stat. § 541.07(1); *see also Mellett v. Fairview Health Servs.*, 634 N.W.2d 421, 423 (Minn. 2001) (applying the two-year statute of limitations for false-imprisonment claims). Vogel's false-imprisonment claim accrued on March 1, 2012, the date of his release from DOC confinement. *See id.* at 424 (concluding that plaintiff's false-imprisonment claim accrued on the date the alleged imprisonment ended). But Vogel commenced this action on July 31, 2017, more than three years after the statute of limitations expired on March 1, 2014. For this reason, Vogel's state-law claim for false imprisonment, Count III, is time-barred.

Finally, Vogel's complaint also names as defendants "John and Jane Doe" and "John and Jane Roe," employees of the Minnesota DOC. But Vogel has not established the identity of these individuals, and the deadline to amend the pleadings has passed. As such, Vogel's complaint is dismissed without prejudice as to these unnamed defendants. *See, e.g.*, *Estate of Rosenberg ex rel. Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)

4

(affirming dismissal of unidentified defendants about whom no factual allegations were made); *Gold Star Taxi & Transp. Serv. v. Mall of Am. Co.*, 987 F. Supp. 741, 753 (D. Minn. 1997) (dismissing claims against ten "John Doe Defendants" *sua sponte* when "after the completion of discovery, Plaintiffs have not ascertained the identity of or established any facts regarding these unnamed Defendants").

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. The motion of Defendants Thomas Roy and Patrick Courtney for summary judgment, (Dkt. 16), is **GRANTED** as to these defendants.

2. Plaintiff Donald P. Vogel's complaint, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE** as to Defendants John and Jane Doe and John and Jane Roe.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 3, 2019　　　　　　　　　　　　　　　s/Wilhelmina M. Wright
　　　　　　　　　　　　　　　　　　　　　　　　Wilhelmina M. Wright
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge